*935 OPINION OF THE COURT
Michael W. Duskas, J.
Petitioner was charged in separate inmate behavior reports with a violation of inmate rule 113.12 which prohibits the possession of controlled substances, a violation of inmate rule 106.10, failure to obey a direct order, and rule 113.12 refusal to submit to a drug test. In addition, the petitioner was charged with violation of rule 113.14 which says that inmates shall not possess unauthorized medication and rule 24.14, possession of plastic jugs.
On March 22, 1985, a superintendent’s proceeding was convened and after having been read the charges the petitioner pleaded guilty with explanation to the charge of possessing unauthorized medication; guilty to the charges of possessing plastic jugs, refusing a direct order and refusing to submit to a drug test; and not guilty to the charge of possessing marihuana.
Petitioner had requested that the hearing officer call three inmate witnesses in his behalf. However, the testimony of each of the three witnesses was not taken by the hearing officer, after he had been advised by correction officers that each inmate refused to testify. The hearing officer did not require the inmates to attend and place their objections on the record, nor did he make any inquiry directly of the inmates as to the reasons why they did not wish to testify.
Petitioner contends that the failure to compel these inmates to testify, or at the very least to inquire of their reasons for not testifying was in effect a denial of his right to call witnesses at the hearing.
Petitioner cites Dalton v Hutto (713 F2d 75 [4th Cir 1983]). The Virginia Department of Corrections had a regulation that permitted inmates to call witnesses only if their testimony was "voluntary”. Two correction officers who were requested to be called by the inmate refused to testify and after hearing the inmate was found guilty of violating a disciplinary rule.
In reversing that finding, the Eighth Circuit stated "An inmate granted the right, albeit qualified, to call witnesses in his behalf loses it altogether, in any meaningful employment of language, if any witness may refuse to testify for no reason whatever.” (Dalton v Hutto, supra, p 78.)
The court went on to state that the decision to preclude the calling of witnesses should be made on a case-by-case basis and that there should be no general proscription of calling *936 certain categories of witnesses, in this case those witnesses who refused to testify. (Cf. White v Wyrick, 727 F2d 757 [8th Cir 1984].)
This court is satisfied that the rationale of the Dalton case (supra) is persuasive here, particularly in light of the mandate of the Supreme Court in Wolff u McDonnell (418 US 539 [1974]), granting prison inmates certain due process rights including the right to call witnesses and present documentary evidence in defense.
At the very least, the hearing officer in this case should have compelled the proposed witnesses to appear and place their objections upon the record. If the hearing officer felt that such would jeopardize institutional safety, the interviews could have been conducted outside the presence of the petitioner.
While the hearing officer does not possess contempt or subpoena powers, he certainly possesses the power to compel inmate witnesses to appear before the committee when requested to do so, merely by the issuance of a direct order.
It is, therefore, the decision of the court that insofar as the petitioner was found guilty after hearing of a violation of rule 113.12 concerning the possession of controlled substances, that that finding should be reversed and all references to that charge be expunged from petitioner’s records.
Petitioner’s next contention is that the charge of refusing a direct order and the charge of refusing to submit to a drug test, which arise out of the same order to submit to a drug test places him in double jeopardy and that he cannot be found guilty of both charges.
Upon the return date of this application the respondents conceded this argument and it is, therefore, the decision of this court that the plea of guilty to a violation of inmate rule 106.10 regarding the refusal to obey a direct order, be expunged.
Petitioner next takes issue with the finding that he was in possession of unauthorized medication. It is his position that the medication was originally properly prescribed to him, and that there was no rule published which would place him on notice that possession of medication beyond its expiration date would be construed as a violation of a disciplinary rule.
Respondents argue that this medication has an expiration date, but other than reference to a law requiring over-the-counter pain and headache relievers to bear expiration dates, *937 there is no allegation that this petitioner was advised of an expiration date or that he would have any way of knowing that his possession of a properly prescribed medication, could become improper, merely by the passage of time.
The court is satisfied that the petitioner’s plea of guilty with explanation sufficiently constituted, in effect, a plea of not guilty, since it is apparent that the only admission made by the petitioner was that he was in possession of medication that had previously been prescribed to him.
It is, therefore, the decision of the court that the finding of guilty to a violation of possession of unauthorized medication be expunged.
Petitioner did, however, plead guilty to failure to submit to a drug test, and possession of a plastic jug. In light of these admissions, and the fact that the punishment imposed previously was cumulative in nature, it is the decision of this court that a new superintendent’s proceeding be held for the purpose of reviewing the penalties imposed upon the charges of possession of plastic jugs and refusal to submit to a drug test.
In summary, it is the decision of this court that the charges of a violation of rule 113.12, possession of a controlled substance; 106.10, failure to obey a direct order; and 113.14, possession of unauthorized medication, be reversed and the records of the petitioner relating thereto be expunged.
In regard to the charge of a violation of rule 24.14, possession of plastic jug and rule 113.12, refusing to submit to a drug test, the court directs that a new superintendent’s hearing be held to review the penalties imposed and to impose new penalties consistent with the charges remaining.